UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BIGELOW,

Plaintiff,

v.

UNKNOWN BLEDSOE, et al.,

Defendants.

Case No. 1:26-cv-662

Honorable Phillip J. Green

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim for the reasons detailed below.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. The events about which he complains occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues the following ICF staff: Sergeant Unknown Bledsoe, Lieutenant Unknown Leitham, Corrections Officer (CO) Unknown Watson,[2] Nurse Unknown Hileman, CO Unknown Party #1, CO Unknown Party #2, and Lieutenant Armstrong. (Compl., ECF No. 1, PageID.3–4.)

On August 4, 2025, Plaintiff was being escorted by Defendants Bledsoe and Watson with his "hands cuffed behind his back."[3] (*Id.*, PageID.5.) Then, "without proper reason," Defendants Bledsoe and Watson "slammed [Plaintiff] face first into the ground, and proceeded to bend [his] wrist backwards, causing severe pain and damage." (*Id.*) Defendants Bledsoe and Watson "put their knees or feet all over

---

[2] Plaintiff names Defendant Watson in his list of Defendants (Compl., ECF No. 1, PageID.3), but then names Defendant "Watkins" in his factual allegations, rather than Defendant *Watson*, which appears to be a typographical error. (*See id.*, PageID.5.) In this opinion, the Court considers Defendant Watson and "Watkins" to be the same Defendant and will refer to this Defendant as Defendant Watson. To the extent that Plaintiff intended to name a separate Defendant "Watkins," because Defendant Watkins is not in the list of Defendants, no proper claims may be raised against this non-party. Fed. R. Civ. P. 10(a).

[3] In this opinion, the Court corrects the capitalization, punctuation, and grammar in quotations from Plaintiff's filings.

[Plaintiff's] back, neck, legs, and head . . . put more restraints on [Plaintiff's] legs," and placed Plaintiff into a "carrol cage." (*Id.*)

Within several minutes, Defendant Leitham arrived at the scene and told Plaintiff to stand up. (*Id.*) Plaintiff told Defendant Leitham that he could not stand up, so Defendant Leitham "left and came back with an emergency response team." (*Id.*) Plaintiff claims that he was "unable to stand due to how [he] was cuffed with restraints." (*Id.*) Defendant Leitham then "ordered the response team to pull [Plaintiff] out of the cage," and Defendants Unknown Parties #1 and #2 dragged Plaintiff out, "caus[ing Plaintiff] pain by bending [his] arms and wrists." (*Id.*) Plaintiff alleges that Defendants Unknown Parties #1 and #2 also put their "knees on [Plaintiff's] back, and smash[ed his] face and head with a shield against the ground." (*Id.*) Defendant Leitham ordered Defendants Unknown Parties #1 and #2 to throw Plaintiff into a restraint chair, and Defendants Unknown Parties #1 and #2 "picked [Plaintiff] up and slammed [him] in the chair on top of [his] hands, crushing pressure on [his] hands." (*Id.*) Plaintiff claims "they proceeded to put [him] in a cell and left [him] for hours with [his] injuries and restraints on." (*Id.*)

That same day, "hours later," Defendant Nurse Hileman examined Plaintiff's injuries. (*Id.*) Plaintiff alleges that Defendant Hileman "showed medical neglect" in her duties when she "barely glanced at [Plaintiff] and said [he] was fine, despite [his] hands both swollen up, cuts, and bruises all over, including a knot on [his] head." (*Id.*) On an unspecified date, Defendant Armstrong "lied, saying [Plaintiff] refused to participate in a grievance hearing for this incident." (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Eighth Amendment claims for excessive force, failure to protect, and inadequate medical treatment, and Fourteenth Amendment due process claims. Plaintiff seeks injunctive relief and monetary damages. (*Id.*, PageID.6.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Discussion

### A. Eighth Amendment Claims

#### 1. Excessive Force Claims Against Defendants Bledsoe, Watson, Unknown Party #1, and Unknown Party #2

Plaintiff alleges that Defendants Bledsoe and Watson used excessive force against Plaintiff by slamming Plaintiff to the ground and using their knees and feet on Plaintiff after Plaintiff had been restrained. (Compl., ECF No. 1, PageID.5.) Plaintiff further alleges that Defendants Unknown Parties #1 and #2 used excessive force against Plaintiff in removing him from the carrol cage, by kneeing and slamming his head with shields, and placing him in the restraint chair on top of his restrained hands. (*Id.*)

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346

(1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is a subjective component and an objective component to Eighth Amendment claims. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting

*Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

At this early stage in the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Therefore, at this time, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Bledsoe, Watson, Unknown Party #1, and Unknown Party #2.

### 2. Failure to Protect Claim Against Defendant Leitham

In Plaintiff's complaint, he alleges that Defendant Leitham ordered the response team, including Defendants Unknown Parties #1 and #2, to pull Plaintiff out of the carrol cage and place Plaintiff in the restraint chair. Plaintiff alleges that excessive force was used in that process by Defendants Unknown Parties #1 and #2, as described earlier in this opinion. The Court construes Plaintiff's allegations against Defendant Leitham as a failure to protect claim under the Eighth Amendment.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson*, 468 U.S. at 526–27). To establish liability under the Eighth

Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

An officer is liable for another officer's use of excessive force where the defendant "'observed or had reason to know that excessive force would be or was being used' *and* 'had both the opportunity and the means to prevent the harm from occurring.'" *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (emphasis in original) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *accord Alexander v. Carter ex. rel. Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018); *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *3 (6th Cir. Mar. 20, 2018).

The Court must take Plaintiff's factual allegations as true and in the light most favorable to him at this stage of the proceedings. Therefore, at this time, the Court

will not dismiss Plaintiff's Eighth Amendment failure to protect claim against Defendant Leitham.

### 3. Medical Care Claim Against Defendant Hileman

Plaintiff alleges that Defendant Hileman "barely glanced" at Plaintiff and said Plaintiff was "fine" after the use of force. (Compl. ECF No. 1, PageID.5.) The Court construes this as an Eighth Amendment claim against Defendant Hileman for inadequate medical treatment.

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle*, 429 U.S. at 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock*, 273 F.3d at 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is

over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410, 411 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, . . . he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must show that the care the prisoner received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

**a. Objective Component**

Plaintiff alleges that following the use of force on August 4, 2025, both of his hands were swollen, he had cuts and bruises "all over" and a knot on his head. (Compl., ECF No. 1, PageID.5.) At this stage of the proceedings, the Court assumes, without deciding, that Plaintiff has alleged sufficient facts to show a serious medical condition.

**b. Subjective Component**

Turning to the subjective component—i.e., the requirement that a plaintiff alleges sufficient facts to show that "the official [or medical provider was] both . . .

aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that the official or medical provider "also dr[e]w the inference," *Farmer*, 511 U.S. at 837—the Court addresses Plaintiff's allegations against Defendant Hileman below.

Plaintiff claims that Defendant Hileman violated his rights under the Eighth Amendment because she "barely glanced" at Plaintiff and his injuries. (Compl., ECF No. 1, PageID.5.) However, Plaintiff's allegations show that Defendant Hileman performed an examination on Plaintiff and that Plaintiff disagreed with her assessment that Plaintiff was "fine." (*Id.*) Plaintiff fails to allege any further facts regarding the nature of his injuries or subsequent requests for treatment to support his claim that Defendant Hileman was deliberately indifferent to Plaintiff's medical needs. Indeed, Plaintiff's own allegations describe Defendant Hileman's actions as "show[ing] medical neglect," but negligence cannot be the basis for an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835. In sum, Plaintiff's allegations amount to faulting Defendant Hileman for "fail[ing] to provide more or better treatment, not indifference to his condition." *Mitchell*, 553 F. App'x at 605.

In summary, for the reasons set forth above, Plaintiff's Eighth Amendment medical claims will be dismissed for failure to state a claim. Further, because there are no additional claims against Defendant Hileman in the complaint, Defendant Hileman will be dismissed from this action.

**B. Fourteenth Amendment Claims Against Defendant Armstrong**

The Court construes Plaintiff's complaint to raise a Fourteenth Amendment due process claim regarding the grievance hearing conducted by Defendant

Armstrong. Plaintiff alleges that Defendant Armstrong lied and said that Plaintiff refused to participate in the grievance hearing relating to the use of force. (Compl., ECF No. 1, PageID.5.)

**1. Procedural Due Process**

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the

grievance process, any response to Plaintiff's grievance from prison officials, even a "lie" about a Plaintiff's participation, or lack thereof, did not deprive Plaintiff of due process.

Accordingly, Plaintiff has failed to state a procedural due process claim upon which relief can be granted.

### 2. Substantive Due Process

The Court also construes Plaintiff's allegations to assert a violation of his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))). The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d

943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *see also Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016); *Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 269 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001)). If such an amendment exists, the substantive due process claim is properly dismissed. *Resurrection Sch. v. Hertel*, 11 F.4th 437, 461–462 (6th Cir. 2021) (holding that the Free Exercise Clause constituted the textual source for plaintiffs' claim, precluding a substantive due process claim) (citing *Albright*, 510 U.S. at 273); *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, there are specific constitutional amendments that apply to Plaintiff's claims. The Fourteenth Amendment Procedural Due Process Clause would apply to protect Plaintiff's interest in the grievance procedure, if it implicated Plaintiff's liberty or property interests. *See Hewitt*, 459 U.S. at 467. The Eighth Amendment supplies the explicit textual source of constitutional protection for claims

governing a prisoner's health and safety. *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008).

Consequently, Plaintiff's substantive due process claim will be dismissed. Further, because there are no additional claims against Defendant Armstrong in the complaint, Defendant Armstrong will be dismissed from this action.

## **Conclusion**

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Further, having conducted the review required by the PLRA, the Court determines that Defendants Hileman and Armstrong will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Bledsoe, Watson, Unknown Party #1, Unknown Party #2, and Leitham: Eighth Amendment claim for inadequate medical treatment and Fourteenth Amendment due process claims. Plaintiff's Eighth Amendment claims for excessive use of force against Defendants Bledsoe, Watson, Unknown Party #1, and Unknown Party #2, as well as Plaintiff's Eighth Amendment failure to protect claim against Defendant Leitham, remain in the case.

An order consistent with this opinion will be entered.

Dated: August 19, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge